

FILED
MAR 17 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RACHID NAIM,

Plaintiff,

v.  Civil Action No. 3:11CV168

SAMUEL I WHITE, P.C.,

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action seeking damages arising from Defendant's unlawful attempts to collect a delinquent home mortgage debt alleged owed by Mr. Naim through Defendant's attempts to foreclose on the subject Deed of Trust. Mr. Naim alleges that Defendant, a debt collection law firm, 1) knowingly made a series of false statements and representations in connection with the collection of the debt and of the foreclosure on his home, and 2) that, despite longstanding dictates from the Fourth Circuit, subsequently fleshed out by this Court and by Judge Kiser in the Western District, Defendant has attempted to collect a consumer debt from the Plaintiff through the use of false or misleading representations made in a manner that impermissibly contradicts the mandatory statement of the consumer's right to be given the 15 U.S.C. § 1692g thirty day validation notice that must be disclosed to a consumer in a manner that is not misleading or confusing when evaluated under the objective least sophisticated consumer standard adopted by the Fourth Circuit in *U.S. v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996), all in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff Rachid Naim ("Mr. Naim") is a natural person who resides in Virginia. Mr. Naim is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Samuel I. White, P.C. is a law firm with offices in Maryland, Virginia, and West Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 1804 Staples Mills Road, Suite 200, Richmond, Virginia 23230.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### *Freddie Mac acquires Mr. Naim's Mortgage Loan*

6. Mr. Naim borrowed $364,000 in order to refinance his mortgage, as evidenced by a promissory note ("Note"), dated November 14, 2005. The Note was payable to Bank of America, N.A.

7. The debt, Mr. Naim's home loan, was incurred primarily for personal, family, or household purposes, within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

8. The Note was secured by a Deed of Trust dated November 14, 2005 and recorded in the Clerk's office of Circuit Court of Fairfax County. A copy of the Deed of Trust is attached hereto as EXHIBIT A.

9. When the loan was originated on November 14, 2005, Mr. Naim's Note and Deed of Trust obligated him to repay Bank of America, N.A.

10. Another entity, apparently Federal Home Loan Mortgage Corporation ("Freddie Mac"), purchased Mr. Naim's loan subsequent to the origination with Bank of America, N.A.

11. A copy of confirmation from Freddie Mac's website, dated March 29, 2010, confirming that they are the owner of Mr. Naim's loan is attached hereto as EXHIBIT B.

12. Mr. Naim's loan was serviced by BAC Home Loans Servicing ("BAC"). As a servicer BAC acted on behalf of the owner of the loan to conduct certain customary servicing functions, such as to collect and record payments, communicate with the homeowner, and assess late fees.

13. Mr. Naim regularly made his payments to BAC until he began to experience financial difficulties.

14. In the Fall of 2008, due to problems with his security clearance, Mr. Naim lost his job. He was able to obtain alternative employment which resulted in a significant reduction in his salary.

15. Mr. Naim immediately contacted his mortgage servicer, BAC, in an effort to pursue loss mitigation options while he appealed the denial of his security clearance.

16. After Mr. Naim's home loan account went into default, the account was referred to Defendant Samuel I. White, P.C.

### *Samuel I. White is a Debt Collector*

17. Defendant Samuel I. White, P.C. is a law firm whose practice is focused on the collection of debts.

18. Defendant advertises that it specializes in default services through the use of a "comprehensive, common sense approach," that "streamlines the default process, mitigates [their] clients' risk and expedites the transaction."[1]

19. Defendant regularly collects home loan debts.

20. Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

21. Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

22. Defendant regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

### *Defendant's Initial Communications with Mr. Naim*

23. Defendant sent Mr. Naim a March 18, 2010 dunning letter, which stated that the Defendant was instructed to initiate foreclosure proceedings on Mr. Naim's home. A copy of the March 18, 2010 correspondence is attached hereto as EXHIBIT C.

---

[1] *See* http:// www.siwpc.net/

24. At the time of this initial communication, Mr. Naim was in default on his mortgage loan.

25. The March 18, 2010 correspondence stated the following information was provided as required by the Federal Fair Debt Collections Practices Act:

1. As of March 18, 2010, the lender has advised us that the amount of the debt is $382,807.95.

2. A reinstatement (bring current) figure may be obtained by calling 757-457-1428.

3. The creditor to whom the debt is owed is Bank of America, N.A.

4. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, which is Bank of America, N.A.. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter.

5. If you notify us in writing within thirty (30) days of the date you receive this letter that you are disputing the debt, or any portion thereof, or if you notify us within thirty (30) days after the date you receive this letter that you want to know the name of the original creditor if that creditor is different from Bank of America, N.A., then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

6. The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date that you receive this letter before initiating proceedings to foreclose your mortgage. In the event we do initiate foreclosure proceedings during the thirty (30) days after the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from Bank of America, N.A.

7. If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to

suspend our efforts to foreclose the mortgage on your property only until we mail you the information validating the debt and/or we provide you with the name and address of the original creditor. If the foreclosure sale has been advertised and we respond as set forth above, the sale will not be canceled.

Any written requests should be addressed to:
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462
Attn: Debt Dispute Desk

26. The text of the notice required by 15 U.S.C. § 1692g of the FDCPA reads as follows:

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1) the amount of the debt;
    (2) the name of the creditor to whom the debt is owed;
    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Disputed debts*
(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the

name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

27. The notice by which the Defendant purports to make the required disclosures is defective in various respects.

28. The March 18, 2010 letter does not contain the amount of the debt.

29. The March 18, 2010 letter does not disclose the name of the creditor to whom the debt is owed.

30. Defendant's purported notice to Mr. Naim of his thirty day validation rights fails to disclose that oral disputes overcome the debt collector's assumption of validity of the debt, required by the FDCPA to be disclosed as follows:

> **§ 1692g.   Validation of debts**
>
> *Notice of debt; contents*
> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>   ...
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

31. Defendant was required to disclose to Mr. Naim that he was entitled to dispute the debt *orally* in order to overcome a debt collector's assumption that a debt is valid.

32. Additionally, contradictions exist between Defendant's Notice and the actual disclosure language of the validation notice required by 15 U.S.C. § 1692g.

33. The contradictions could confuse or mislead the least sophisticated consumer into disregarding or losing his rights under the validation notice. As Judge Spencer has stated, a notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997). (As a consequence finding that the validation notice at issue violated § 1692g as a matter of law and granting summary judgment for the consumer on that issue.).

34. In order to trigger the debt collector's duty to provide verification of the debt, the consumer must dispute in writing, as set forth in the Act as follows:

**§ 1692g.** **Validation of debts**

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
...
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

35. While Defendant's March 18, 2011 dunning letter sets forth the writing requirement correctly in Paragraph 5, Defendant omits any reference to the writing requirement in both Paragraph 6 and Paragraph 7.

36. In Paragraph 6, Defendant purports to notify Mr. Naim that he would "still retain the right to dispute the debt, or any portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from Bank of America, N.A."

37. However, Paragraph 6 does not state that Mr. Naim would have to dispute the debt *in writing* in order to trigger his right to obtain verification of the debt or to obtain from Defendant the name and address of the creditor if different from the current creditor.

38. In similar fashion, Paragraph 7 of Defendant's March 18, 2011 dunning letter purports to notify Mr. Naim as to what happens "If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter," advising Mr. Naim that "the Fair Debt Collection Practices Act requires us to suspend our efforts."

39. However, Paragraph 7 does not state that Mr. Naim would have to dispute the debt *in writing* in order to trigger the § 1692g(b) requirement that Defendant cease collection of the debt, or any disputed portion thereof, until Defendant obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to Mr. Naim by Defendant.

40. With respect to the failure to notify the consumer of the § 1692g(a)(4) and (5) writing requirement, Judge Merhige put it this way:

> the collection letter instructed (the consumer) to either "contact" the debt collection agency or make payment in full. There is no indication anywhere in the letter whether such "contact" must be in writing or by telephone. Pursuant to § 1692g, however, if a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b).

Page 9

*Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997).

41. Although Defendant sets forth the writing requirement in Paragraph 5 of its Notice, it makes no reference to the writing requirement in Paragraphs 6 and 7 of the Notice.

42. A notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997), citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996).

43. As Judge Dohnal observed in *Turner v. Shenandoah Legal Group, et al.*, 2006 U.S. Dist. Lexis 39341, * 22-23 (E.D. Va. 2006), a dunning letter violates the validation notice disclosure requirements of § 1692g when it is written in such a fashion that it may confuse and mislead the least sophisticated consumer by including and then failing to reconcile otherwise confusing segments in the letter.

44. The Defendant forwarded additional correspondence to Mr. Naim, dated March 18, 2010 that stated that:

> "[Defendant] is working with BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation to help you keep your home. We have received instructions to commence foreclosure proceedings against your property. It is BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation's mission to attempt to work out a solution to your loan situation, and they have asked us to open a line of communication with you."

A copy of the second March 18, 2010 correspondence is attached hereto as EXHIBIT D.

45. Defendant sent the March 18, 2010 letters to Mr. Naim in connection with the collection of a debt.

### *Defendant States the Note is Lost, Misplaced or Destroyed*

46. In correspondence to Mr. Naim dated, March 22, 2010, Defendant stated that BAC Home Loans Servicing, L.P. is the beneficiary or successor beneficiary under Mr. Naim's property. A copy of the March 22, 2010 correspondence is attached hereto as EXHIBIT E.

47. The March 22, 2010 correspondence included the following statement:

"Take notice that the original note evidencing your indebtedness has been lost, misplaced or destroyed, and is unavailable. If you believe you may be subject to a claim by another person or entity other than BAC Home Loan Servicing, L.P. to enforce the note…"

48. Upon information and belief, the original note evidencing Mr. Naim's indebtedness has not been lost, misplaced or destroyed, making Defendant's representation false.

49. With respect to the "evidence of the indebtedness referenced above," Va. Code § 55-59.1 provides in pertinent part the following:

§ 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note lost.

…

B. If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee.

50. Upon information and belief, the beneficiary of the note had not submitted to the trustee an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

51. That is, Bank of America, N.A.[2], had not submitted to Defendant an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

52. Defendant's March 22, 2010 letter further advised Mr. Naim that Defendant was attempting to collect a debt.

### *Mr. Naim Requests Verification of the Debt*

53. In correspondence dated March 25, 2010, Mr. Naim, through counsel, requested verification of the debt pursuant to the Fair Debt Collections Practices Act. A copy of the March 25, 2010 correspondence is attached hereto as EXHIBIT F.

54. In that same correspondence, Mr. Naim, through counsel, requested a copy of the notice of the lost note that was sent to Mr. Naim from the beneficiary and a copy of the lost note affidavit, pursuant to Va. Code § 55-59.1.

55. In correspondence dated July 1, 2010 Defendant purported to respond to Mr. Naim's request for verification of the debt which included the Deed of Trust, a copy of the Note and an account summary. A copy of the July 1, 2010 letter is attached hereto as EXHIBIT G.

56. The subject line of the correspondence states that Bank of America, N.A. is the Noteholder.

57. The correspondence also provided a payoff statement with figures projected through July 9, 2010.

58. The Note included with the July 1, 2010 correspondence is payable to Bank of America, N.A. However, there is an endorsement in blank on page 6 of the Note.

---

[2] Mr. Naim does not concede that the actual beneficiary is Freddie Mac, but instead asserts that Defendant's use the name of the creditor that the Defendant initially purported to be the beneficiary demonstrates that there was never a lost note affidavit from any possible beneficiary.

### *Defendant Threatens Foreclosure on Mr. Naim's Home*

59. Defendant forwarded correspondence dated August 3, 2010, to Mr. Naim to notify him that a foreclosure sale is scheduled for his property for August 20, 2010. A copy of the August 3, 2010 correspondence is attached hereto as EXHIBIT H.

60. The August 20, 2010 correspondence included a Substitution of Trustees Deed dated October 8, 2008, and notarized on April 29, 2010.

61. The Substitution of Trustees Deed stated that "Bank of America, N.A. is the present holder or authorized agent of the holder of the note..."

62. Mr. Naim through counsel responded to the Defendant in correspondence dated August 9, 2010, disputing that Bank of America is the proper creditor for his home loan. A copy of the August 9, 2010 correspondence is attached hereto as EXHIBIT I.

63. In response, Defendant forwarded Mr. Naim a second notice, dated September 3, 2010, that a foreclosure sale is scheduled for his property on September 29, 2010. A copy of the September 3, 2010 correspondence is attached hereto as EXHIBIT J.

64. Again, Mr. Naim through counsel responded to the Defendant in correspondence dated September 13, 2010, disputing that Bank of America is the proper creditor for his home loan. A copy of the August 13, 2010 correspondence is attached hereto as EXHIBIT K.

65. Predictably, Defendant forwarded Mr. Naim a third notice, dated September 30, 2010, that a foreclosure sale is scheduled for his property on October 18, 2010. A copy of the September 30, 2010 correspondence is attached hereto as EXHIBIT L.

66. For a third time, Mr. Naim through counsel responded to the Defendant in correspondence dated October 5, 2010, disputing that Bank of America is the proper creditor for his home loan. A copy of the October 5, 2010 correspondence is attached hereto as EXHIBIT M.

67. In correspondence dated November 2, 2010, the Defendant forwarded correspondence to Mr. Naim that stated:

> "While Federal Home Loan Mortgage Corporation (FHLMC) is the owner of the above referenced loan, Bank of America, N.A. is the proper creditor. FHLMC has granted temporary possession of the original promissory note to Bank of America, N.A., for purposes of conducting the foreclosure. As the note is endorsed in blank, the holder of the physical document has the right to enforce it. We have verified the debt as previously requested by you and will now proceed."

A copy of the November 2, 2010 correspondence is attached hereto as EXHIBIT N.

68. This statement[3] demonstrates that one or more of the Defendant's statements are false.

69. Either the note was never lost, misplaced or destroyed as the Defendant indicated in their March 22, 2010 correspondence (EXHIBIT E) or Bank of America, N.A. was not the proper creditor as stated in the Defendant's March 18, 2010 correspondence (EXHIBIT C).

70. Further, at all times relevant hereto, the Defendant concedes that another entity, purportedly Freddie Mac, retained the ownership of Mr. Naim's mortgage loan. *See* EXHIBIT B; *see also e.g.* EXHIBIT N.

71. Defendant knew or should have known that this and each of the foregoing misrepresentations that it made were false.

72. As a result of the acts and omissions of the Defendant, Mr. Naim has suffered actual damages and injury, including but not limited to, emotional distress, mental anguish and suffering, loss of peace of mind, and a loss of statutorily protected rights.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692e

73. The foregoing allegations of the Complaint are incorporated by reference.

---

[3] Again, Mr. Naim does not concede the legitimacy or veracity of the statement in the November 2, 2010 correspondence from either a legal or a practical standpoint.

74. By falsely stating in the March 22, 2010 letter that the note had been lost, misplaced or destroyed, Defendant violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

75. In the alternative, by falsely stating that the creditor to whom the debt was owed was Bank of America, N.A., Defendant violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

76. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692g

77. The foregoing allegations of the Complaint are incorporated by reference.

78. By failing to disclose the amount of the debt in the March 18, 2010 dunning letter, Defendant violated 15 U.S.C. § 1692g(a)(1).

79. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count III: Violations of the FDCPA, 15 U.S.C. § 1692g

80. The foregoing allegations of the Complaint are incorporated by reference.

81. By failing to disclose in the March 18, 2010 dunning letter the creditor to whom the debt is owed, Defendant violated 15 U.S.C. § 1692g(a)(2).

82. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count IV: Violations of the FDCPA, 15 U.S.C. § 1692g

83. The foregoing allegations of the Complaint are incorporated by reference.

84. By failing to disclose in the March 18, 2010 dunning letter that oral disputes overcome the debt collector's assumption of validity of the debt, Defendant violated 15 U.S.C. § 1692g(a)(3).

85. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count IV: Violations of the FDCPA, 15 U.S.C. § 1692g

86. The foregoing allegations of the Complaint are incorporated by reference.

87. By disclosing in the March 18, 2010 dunning letter the consumer's § 1692g(a)(4), (5), and (b) debt verification rights in such a manner as to make the least sophisticated consumer uncertain as to his debt validation rights, Defendant violated 15 U.S.C. § 1692g.

88. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count V: Violations of the FDCPA, 15 U.S.C. § 1692f

89. The foregoing allegations of the Complaint are incorporated by reference.

90. The scheduled foreclosure sale dates were nonjudicial actions that sought to permanently deprive Mr. Naim of his ownership rights in his home.

91. Bank of America, N.A. had no authority to appoint the Defendant as a substitute trustee as Bank of America, N.A. was not the Noteholder.

92. Indeed, the individual that signed any sworn statements on behalf of Bank of America, N.A. purporting to have personal knowledge of the facts contained in the sworn statement or the legal standing to take the actions described therein, did not have such personal knowledge or such legal standing.

93. Defendant was aware that another entity was the owner of the loan at the time they were appointed substitute trustee and at the time they scheduled three foreclosure sale dates.

94. Because they were not validly appointed as a substitute trustee by the noteholder in compliance with the terms of the Note and Deed of Trust, the Defendant had no right to conduct the foreclosure sale, or to transfer the property.

95. Defendant threatened to take nonjudicial action to effect dispossession or disablement of the subject property at a time when they had and there was no present right to possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6).

96. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees;

4. Award Plaintiff costs;

5.  Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Rachid Naim
By Counsel

*/s/ Dale W. Pittman*

By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff