**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**RACHID NAIM,**

***Plaintiff,***

**v.** **Civil Action No. 3:11-cv-00168-REP**

**SAMUEL I. WHITE, P.C.**

***Defendant.***

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Defendant, Samuel I. White, P.C. ("SIWPC"), by counsel, submits its Memorandum in Support of its Motion to Dismiss Complaint filed by the Plaintiff, Rachid Naim, and moves this Court to dismiss Plaintiff's Complaint and Demand for Jury Trial ("Complaint") in its entirety or to each individual claim or cause of actions against this Defendant on the grounds that the Complaint fails to state facts upon which relief can be granted.

**INTRODUCTION**

Plaintiff contends that SIWPC violated the Fair Debt Collect Practices Act (FDCPA) in connection with a residential loan made to Plaintiff on or about November 14, 2005. (Compl. ¶ 6.) Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses.[1] In order to prevail on an FDCPA claim, a plaintiff must sufficiently allege that (1) the plaintiff was the object of collection activity arising from a consumer debt; (2) defendant was a debt collector as defined by the FDCPA; and (3) defendant engaged in an act or omission

[1] *Schlegel v. Wells Fargo Bank, N.A.*, Civil Action No. C10-05679-CRB, 2011 WL 2621668, (N.D.Cal. July 5, 2011) (quoting *Landayan v. Washington Mut. Bank*, No. C–09–00916 RMW, 2009 WL 3047238, at *2 (N.D.Cal. Sept. 18, 2009)).

prohibited by the FDCPA. *Blagogee v. Equity Trustees, LLC*, No. 1L10-cv-13 (GBL-IDD), 2010 WL 2933963, at *5 (E.D. Va. July 26, 2010) (citing *Dikun v. Streich*, 369 F.Supp.2d 781, 784-85 (E.D.Va. 2005).

In this case, Plaintiff fails to sufficiently allege that SIWPC is a debt collector as defined by the FDCPA. Plaintiff relies on two letters for his claims, both of which are dated March 18, 2010 and marked Exhibit C ("Notice Letter") and Exhibit D ("Alternative Options Letter"). Based on these letters and the facts in the Complaint, it cannot be reasonably inferred that SIWPC attempted to collect a personal debt. Even if Plaintiff could be construed as a debt collector, the factual allegations do not give rise to any claim under the FDCPA.

**STANDARD OF REVIEW**

A defendant may move the court to dismiss a cause of action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under the motion to dismiss standard, factual allegations must be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001). The United States Supreme Court has advised that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

The United States Supreme Court recently expanded on *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In *Iqbal*, the Supreme Court established a two-pronged analytical approach to be utilized when reviewing any Rule 12(b)(6) motion. *Id.* at 1951. First, a "court must identify and reject legal conclusions unsupported by factual allegations because they are

not entitled to the presumption of truth." *Martinez v. Res. Bank,* No. 1:09cv1112, 2009 WL 3764069, at *3 (E.D. Va. Nov. 9, 2009) (discussing the two-pronged 12(b)(6) approach in *Iqbal*). Thus, "bare assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, even though the court is to assume that "well-pleaded factual allegations" are true, the court should analyze the allegations in their specific context using the court's "judicial experience and common sense" to determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, the plaintiff must do more than allege "a sheer possibility that a defendant has acted unlawfully." *Id.*

## ARGUMENT

Plaintiff's Complaint fails to state a cause of action against SWIPC for two main reasons. First, SIWPC is not a debt collector. Recent opinions distinguish trustees acting in their fiduciary capacities pursuant to a deed of trust, such as SIWPC, and a debt collector as it is defined in the FDCPA. Second, assuming without conceding SIWPC is a debt collector, the Notice Letter and other communications did not violate any of the provisions of the FDCPA. Therefore, Plaintiff's Complaint lacks sufficient factual bases to survive 12(b)(6) scrutiny under *Twombly* and *Iqbal*.

### I. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE THAT SAMUEL I. WHITE, P.C. IS A DEBT COLLECTOR AS DEFINED BY THE FDCPA.

Assuming without conceding that Plaintiff was an object of a debt collection activity, Plaintiff nevertheless falls short in alleging that SIWPC is a debt collector under the FDCPA. To the contrary, the facts as they lie there are insufficient to reasonably infer that SIWPC attempted to collect a personal debt.

**A. <u>Plaintiff fails to sufficiently allege facts that allow this Court to draw a reasonable inference that Samuel I. White, P.C. attempted to collect a debt.</u>**

The FDCPA defines "debt" as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for person, family, or household purposes." 15 U.S.C. § 1692a(5). A "debt collector," on the other hand, is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In order to sufficiently allege that SIWPC attempted to collect a debt as defined in Section 1692a(5), a court should look to the defendant's actions surrounding the foreclosure proceeding. *See Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006); *see also Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir.1998).

Plaintiff argues that SIWPC is a debt collector because its "practice is focused on the collection of debts." (Compl. ¶ 17.) More specifically, Plaintiff contends that SIWPC:

> [1] Specializes in default services through the use of a comprehensive, common sense approach that streamlines the default process, mitigates its clients' risk and expedites the transaction. (Compl. ¶ 18) (quotations omitted);
>
> [2] Regularly collects home loan debts (Compl. ¶ 19);
>
> [3] Regularly demands payments from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect (Compl. ¶ 20);
>
> [4] Regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. §

> 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt ("the §1692e(11) disclosure") (Compl. ¶ 21);
>
> [5] Regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers (Compl. ¶ 22).

These assertions are merely legal conclusions that recite the elements to a cause of action under the FDCPA. *See* 15 U.S.C. § 1692a(6). Nonjudicial foreclosure on a deed of trust does not constitute collection of a "debt" under the FDCPA. *See Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716, 722 (W.D.Va. 1998), *aff'd* 173 F.3d 850 (4th Cir. 1999). Numerous courts considering this issue have found that enforcement of a security interest through non-judicial foreclosure does not automatically make the foreclosing trustee a "debt collector" under the FDCPA. *See, e.g.*, *Horvath v. Bank of N.Y., N.A.*, No. 1:09-cv-01129, 2010 U.S. Dist. LEXIS 19965, at *3 (E.D. Va. Jan. 29, 2010) (dismissing FDCPA claim against Equity Trustees), *aff'd* 641 F.3d 617 (4th Cir. 2011); *Fouche' v. Shapiro & Massey, LLP*, 575 F.Supp.2d 776 (S.D. Miss. 2008); *Diessner v. Mortgage Elec. Reg. Syst.*, 618 F.Supp.2d 1184 (D. Ariz. 2009).

Merely identifying itself as a debt collector to protect itself from potential liability is also not an admission that SIWPC is, in fact, a debt collector under the FDCPA. Nor does what Plaintiff may have read on SIWPC's website offer a factual claim in this specific instance. (*See* Compl. ¶ 18.) To the contrary, SIWPC carried out its fiduciary duties as required by statute and the Deed of Trust. *See* Va. Code § 55-59.1 *et seq.*; Compl. Ex. A, ¶¶ 22, 24. Accordingly, Plaintiff has not offered sufficient facts to support his allegation that SIWPC was a "debt collector," and thus Plaintiff's FDCPA claims should be dismissed with prejudice.

**B. <u>Samuel I. White, P.C., in serving in its fiduciary capacity as trustee, is statutorily exempt from being deemed a debt collector under the FDCPA.</u>**

A recent opinion rendered by the Honorable Richard L. Williams, Senior District Judge of the Eastern District of Virginia, expounded upon the myriad of cases relating to the role of trustees and debt collection as defined by the FDCPA. In *Moore v. Commonwealth Trustees, LLC*, Judge Williams observed that the Fourth Circuit in *Wilson*, 443 F.3d at 375 that "trustees . . . acting in connection with a foreclosure *can* be 'debtor collectors' under the [FDCPA]" but that it "did not hold that all foreclosures *are* debt collectors as defined by the FDCPA." Civil Action No. 3:09-cv-713, 2010 WL 4272984, at *3 (Oct. 25, 2010) (slip op.) (emphasis in original). Indeed, the prevailing trend in the Fourth Circuit tends to suggest that trustees under a deed of trust such as SIWPC are exempt from being deemed a "debt collector" under the FDCPA.

> More recently, other courts within the Fourth Circuit have addressed similar foreclosure situations. In *Horvath v. Bank of New York*, the court emphasized that "[m]ortgage servicing companies and trustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA." 2010 WL 538039, *3 (E.D. Va. Jan. 29, 2010) (citing 15 U.S.C. § 1692a(6)(F)(i) ("The term [debt collector] does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement")). *See also Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F.Supp.2d 709, 718 (E.D. Va. 2003) ("[T]he law is well-settled . . . that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA.") (emphasis in original); *Bolouri v. Bank of America*, 2010 WL 3385177, *5 (E.D. Va. Aug. 24, 2010) (citing *Warren v. Countrywide Home Loans, Inc.*, 2009 WL 2477764 (11th Cir. Aug. 14, 2009) ("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property ... falls outside the ambit of the FDCPA ...")); *Ruggia v. Washington Mutual*, 2010 WL 1957218 (E.D. Va. May 13, 2010) (citing *Horvath*, *Scott* and *Warren* ).

*Moore*, 2010 WL 4272984, at *4.

The March 18, 2010 letters fail to indicate that SIWPC was attempting to collect a debt. Instead, like the trustee in *Moore*, SIWPC was simply "giving the Plaintiff the notice required by law," *see id.*, and providing a "line of communication" with the Plaintiff in relationship to the foreclosure action that is distinct from Plaintiff's obligation to pay money. "Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." *Id.* (quoting *Hulse v. Ocwen Fed. Bank,* 195 F.Supp.2d 1188, 1204 (D.Or. 2002)).

Absent the factual allegations to indicate otherwise, SIWPC is not a "debt collector" under the FDCPA for simply exercising its fiduciary duties as trustee pursuant to a deed of trust and in accordance with Virginia law. Therefore, all of Plaintiff's claims under the FDCPA fail as a matter of law.

**C. Even if Samuel I. White, P.C. were deemed a "debt collector," it did not avail itself of the FDCPA's statutory exemption since its duties as substitute trustee were incidental to a bona fide fiduciary obligation.**

To revive his claim, Plaintiff will likely point to *Goodrow v. Friedman & MacFadyen, P.A.*, No. 3:11-cv-20, 2011 WL 2078086 (May 21, 2011). In *Goodrow*, the plaintiff alleged that:

> [The defendant trustees] regularly collect home loan debts, regularly demand payment from consumers of claimed arrearages, provide consumers reinstatement quotes and itemizations of amounts they are attempting to collect." The defendants' correspondences frequently note that they are attempting to collect debts, a disclosure required under 15 U.S.C. § 1692e(11). The defendants provided notices of that sort in their correspondence of October 9, 2008, the reinstatement quotes they sent [the plaintiff] on November 24, 2008, and the January 11 Notice.

*Id.* at *4. The factual allegations against Freidman & MacFadyen, the defendant trustee in *Goodrow*, are, in fact, nearly identical to those raised in the instant case with the exception of the firm name and website. *Compare* "Friedman & MacFadyen is a Debt Collector," Am. Compl. ¶¶ 17–22, *id.* No. 3:11-cv-00020-JRS (Doc. No. 7) (hereinafter "*Goodrow* Am. Compl.") *with* "Samuel I. White is a Debt Collector," Compl. ¶¶ 17–22.

Upon closer inspection, the facts in *Goodrow* are distinguishable from the instant case. Unlike the defendant trustees in both *Goodrow* and *Wilson*, SIWPC's action in relationship to the property secured by a deed of trust is ***incidental*** to its fiduciary obligations, not ***central*** to it. The plaintiff in *Goodrow* alleges that Friedman & MacFadyen was "retained by MetLife Home Loans, a division of MetLife Bank NA, to foreclose on Mr. Goodrow's home due to his alleged failure to make mortgage payments." *Goodrow* Am. Compl. ¶ 23. Friedman & MacFadyen concedes in the letter that "[t]he undersigned has been *appointed* by MetLife[.]" *Goodrow* Am. Compl. Ex. C (emphasis added). The subject line of that letter is "MetLife Home Loans a division of MetLife Bank, NA v. John K. Goodrow," the style of a case in an adversarial proceeding. *Goodrow* Am. Compl. ¶ 25. These facts may be deemed sufficient to stray beyond the realm of its fiduciary capacity as trustee, further blurring the line between trustee and debt collector.

SIWPC, on the other hand, did not explicitly state that it was being "retained" or "appointed" by a lender. Nor did SIWPC frame the relationship as a dispute between substitute trustee and borrower. SIWPC thus did not cross the bright line that separates a defendant trustee from a defendant trustee debt collector. To negate this argument, Plaintiff must allege that SIWPC instituted a foreclosure action other than through the authority conferred under the deed of trust.

> Horvath does not allege that Countrywide or Equity, or the companies on whose behalf they foreclosed on the Property, acquired Horvath's promissory notes after he defaulted. Moreover, while Horvath challenges Equity's appointment as a substitute trustee, Horvath also does not allege that the Equity foreclosed on the Property other than through the authority conferred under the deeds of trust. He has therefore failed to allege facts in the Amended Complaint (Doc. No. 27) that establish that defendants Equity and Countrywide acted as "debt collectors" for the purposes of the FDCPA; and Count V is dismissed.

*Horvath*, 2010 WL 538039, at *3. Since Plaintiff failed to allege that SIWPC acted outside the scope of its authority under the Deed of Trust (Compl. Ex. A), SIWPC is not a "debt collector" under the FDCPA and is statutorily exempt from Plaintiff's claims.

### C. The Notice Letter is not an "initial communication" under the FDCPA.

The Notice Letter attached to Plaintiff's Complaint as its Exhibit C is not an "initial communication" under the FDCPA, so Plaintiff's FDCPA claim fails on this ground as well. The FDCPA requires a debt collector to send a consumer a written notice containing certain information and notices no later than five days after its initial communication with the consumer. 15 U.S. C. § 1692g(a). Plaintiff erroneously construed the March 18, 2010 Notice Letter as an "initial communication" that triggered an obligation to send a follow-up letter with the required notices. (Compl. ¶¶ 23–45.)

The Notice Letter, however, does not contain an express demand for payment necessary to be considered collection of a debt or an "initial" communication under the FDCPA. *See, e.g.*, *Buckley v. Bass & Associates*, 249 F.2d 678 (7th Cir. 2001) (letter that did not include a demand for payment on its face was not in "initial communication"). The Notice Letter also does not include the person to whom his debt should be paid or a statement indicating that SIWPC was attempting to collect a debt. These omissions are fatal to Plaintiff's FDCPA claims.

At first glance, it may seem that the Notice Letter is an express demand for payment. After all, the following the statement appears at the conclusion of the Notice Letter: "This is an attempt to collect a debt[.] This is a communication from a debt collector[.] Any information obtained will be used for that purpose." (Compl. Ex. C) (emphasis omitted). Nevertheless, SIWPC is not automatically rendered into a "debt collector" based on these statements alone.

In *Blagogee v. Equity Trustees, LLC*, a defendant trustee sent a notice letter to the plaintiff with statements such as "This Communication is From a Debt Collector," "this is an attempt to collect a debt," and that the debt had been "accelerated." Civil Action No. 1:10-cv-13, 2010 WL 2933963, *6 (E.D.Va. July 26, 2010) (slip op.). Nevertheless, the federal district court granted the defendant trustee's motion for summary judgment as to the FDCPA claim. In distinguishing *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373 (4th Cir. 2006) that held "a trustee's actions to foreclose on a property pursuant to a deed of trust are not 'incidental to its fiduciary obligation[,] [but] central to it" and the case before it, the federal district court held that

> the [plaintiffs] fail to sufficiently allege facts which allow the Court to draw a reasonable inference that [defendant trustee] attempted to collect a debt. Like the defendants in *Wilson*, Equity sent notices to the [plaintiffs] with the statements "This Communication is From a Debt Collector," "this is an attempt to collect a debt," and that the debt had been "accelerated." However, unlike the plaintiff in *Wilson*, the [plaintiffs] never received an express demand for payment, notice of the person to whom their debt should be paid, or a statement indicating that [defendant trustee] was attempting to collect a debt. Accordingly, the Court grants [defendant trustee]'s Motion as to the FDCPA claim because the [plaintiffs] fail to sufficiently allege that [defendant trustee] is a debt collector as defined by the FDCPA.

*Id.* at 375.

Likewise, the March 18, 2011 letters on which the Plaintiff partially rely for his FDCPA claims do not contain an express demand for payment of money, notice of the person to whom

their debt should be paid, or a statement indicating that SIWPC was attempting to collect a debt. SIWPC did foster the opportunity to "work out a solution to [Plaintiff's] loan situation" (Compl. Ex. D), thereby negating the notion that SIWPC was demanding payment yet somehow deemed abusive in the type of debt collection practice that Congress intended to eliminate by enacting the FDCPA. Further, the confusion Plaintiff on which his theories rely are apparently linked to the nature of the lending industry itself, which has parties including but not limited to "holders" of a note and "investors," "servicers" who may be distinguishable from "creditors," and so forth. Therefore, Plaintiff fails to state claim under the FDCPA because the Notice Letter is not an "initial communication."

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e (COUNT I).

Plaintiff alleges that SIWPC violated various provisions of 15 U.S.C. § 1692e "[b]y falsely stating in the March 22, 2010 letter that the note had been lost, misplaced or destroyed" (Compl ¶ 74) or, alternatively, "by falsely stating that the creditor to whom the debt owed was Bank of America, N.A." (Compl. ¶ 75). Accordingly, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

Plaintiff specifically claims that SIWPC violated this statute by falsely representing the character, amount, or legal status of any debt (§ 1692e(2)(A)); threatening to take any action that cannot legally be taken or that is not intended to be taken (§ 1692e(5)); and/or using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (§ 1692e(10)). As explained below, these arguments are wholly without merit and based on conclusions of law.

**A. <u>Plaintiff fails to allege that the note was not misplaced when the March 22, 2010 letter was sent to Plaintiff.</u>**

Omitted from the Complaint is any factual allegation, implied or otherwise, stating that the original note was *not* misplaced or unable to be produced when the March 22, 2010 letter was mailed. The letter states, in relevant part, the following:

> Take notice that the original note evidencing your indebtedness has been lost, misplaced or destroyed, and is unavailable. If you believe you may be subject to a claim by another person or entity other than BAC Home Loan Servicing, L.P. to enforce the note, you may petition the Circuit Court of Fairfax County, Virginia for an order requiring the beneficiary to provide adequate protection against any such claims.
>
> You have defaulted under the terms of the deed of trust by failing to make timely monthly payments. As a result, upon the expiration of fourteen (14) days from the date of mailing of this notice, the Trustee, or Substitute Trustee, will be requested to schedule the sale of the secured property. *If the original note is located, then the Trustee or Substitute Trustee will be requested to schedule the sale of the property immediately.*

(Compl. <u>Ex. E</u>) (emphasis added). The false statement upon which Plaintiff accuses SIWPC merely rests upon his "information and belief" that the "original note evidencing [his] indebtedness has not been lost, misplaced or destroyed making Defendant's representations false." (Compl. ¶ 48.)

But again, Plaintiff does not allege that the note was lost or could not have been produced at that point in time. Virginia Code § 55-59.1(B) addresses situations where "a note or other evidence of indebtedness secured by a deed of trust is *lost* or *for any reason cannot be produced*[.]" (Emphasis added.) Yet Plaintiff still concludes that SIWPC *must* have made a false statement because the letter *could not* have been lost. This is despite the fact that notes are, by their very nature, "generally freely transferable." *See Bolouri v. Bank of America, N.A.*, No.

1:10-cv-225, 2010 WL 3385177, *3 (E.D. Va. Aug. 24, 2010). In order for Plaintiff to succeed on this claim, he must rely more on the mere possibility that SIWPC made a false statement.

Even if the note were misplaced on March 22, 2010, Plaintiff cannot logically eliminate the common sense alternative that what was once was lost can later be found. Plaintiff boldly asserts: "Either the note was never lost, misplaced or destroyed as the Defendant indicated in their March 22, 2010 correspondence (EXHIBIT E) or Bank of America, N.A. was not the proper creditor as stated in the Defendant's March 18, 2010 correspondence (EXHIBIT C)." Plaintiff creates a false dichotomy by misconstruing a lost, misplaced, or destroyed note and the comprising of an entity's status as creditor. The Fourth Circuit plainly stated "[a]s a natural consequence of the security process, [a borrower]'s note changed hands." *Horvath*, 641 F.3d at 620. Indeed, "[f]or several centuries, Virginia has attempted to enhance commerce within the state by ensuring that negotiable instruments—broadly defined under Virginia law as 'unconditional promise[s] or order[s] to pay a fixed amount of money,' *see* Va. Code Ann. § 8.3A–104(a)—are freely transferable." *Id.* at 621. Even in a light most favorable to the non-moving party, a note meandering through the stream of commerce that happens to become lost or misplaced is insufficient to prove false or misleading representation under the FDCPA. Therefore, Plaintiff's claim under 15 U.S.C. § 1692e should be dismissed.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g (COUNTS II, III, AND IV).

Plaintiff alleges SIWPC violated various provisions of the "Validation of debts" provision of the FDCPA. To establish his claims, Plaintiff obfuscates the two March 18, 2010 letters by cherry-picking language from one and the other to the point where the plainly written words on the letters can make any of their recipients, consumers or otherwise, less sophisticated. Moreover, Plaintiff misconstrues the statutory requirements under the FDCPA. Therefore, the

Court should dismiss his claims and find that Plaintiff is not entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against SIWPC pursuant to 15 U.S.C. § 1692k.

**A. Samuel I. White, P.C. provided the amount of the debt as required by the FDCPA.**

Plaintiff alleges in his first count that "[b]y failing to disclose the amount of the debt in the March 18, 2010 dunning letter, Defendant violated 15 U.S.C. § 1692g(a)(1)." (Compl. ¶ 78.) Even a cursory review Plaintiff's own Exhibit C plainly shows in the first paragraph: "As of March 18, 2010, the lender has advised us that the amount of the debt is $382,807.95." Therefore, the Court should dismiss Count II of Plaintiff's Complaint.

**B. Samuel I. White, P.C. provided the creditor to whom the debt is owed as required by the FDCPA.**

Plaintiff alleges in his second count that "[b]y failing to disclose in the March 18, 2010 dunning letter the creditor to whom the debt is owed, Defendant violated 15 U.S.C. § 1692g(a)(a)." (Compl. ¶ 81.) Like his previous claim, Exhibit C states in the third paragraph: "The creditor to whom the debt is owed is Bank of America, N.A." Therefore, the Court should dismiss Count III of Plaintiff's Complaint.

**C. Samuel I. White, P.C. fully complied with the dispute provision of the FDCPA.**

Plaintiff avers that SIWPC "fail[ed] to disclose in the March 18, 2010 dunning letter that *oral* disputes overcome the debt collector's assumption of validity of the debt[.]" (Compl. ¶ 84.) Under the FDCPA, a debt collector must send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, *disputes the validity of the debt, or any portion thereof,* the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a)(3).

In the Notice Letter, the provision scrutinized by Plaintiff in this count, states the following: "The Fair Debt Collection Practices Act entitles you to *dispute the debt, or any portion thereof*, within thirty (30) days of your receipt of this letter." (Compl. Ex. C ¶ 4) (emphasis added). Paragraph 4 of the Notice Letter mirrors the statutory requirement above. Furthermore, Paragraph 4 does not cut off Plaintiff's right to orally dispute the letter as much as it necessitates a written request to overcome a debt collector's assumption of validity of his underlying debt. The confusion stems from Plaintiff's own pleading: he claims that one paragraph in the Notice Letter violates a particular FDCPA subsection, but then he claims that another paragraph violates an inapplicable provision in the FDCPA. The Notice Letter parallels the FDCPA statute and, therefore, SIWPC did not violate 15 U.S.C. § 1692g(a)(3). As such, the Court should dismiss the first Count IV of Plaintiff's Complaint.

**E. Plaintiff fails to allege the "least sophisticated consumer" standard.**

The Fourth Circuit has adopted the "least sophisticated consumer" standard to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. *United States v. National Financial Services, Inc.*, 98 F.2d 131, 136 (4th Cir. 1996). Plaintiff quotes dicta in *Withers v. Eveland*, 988 F.Supp.942 (E.D.Va. 1997), a case where a defense attorney never intended to take legal action at the time a collection notice was sent to a plaintiff and falsely threatened to take legal action. The facts in *Withers*, where the Court found there to be "contradictory and ambiguous language" such that "an unsophisticated debtor could easily be confused about the response time and forego the protections afforded by the statute," thus are inapplicable to the instant case. A plain reading of the documents attached to Plaintiff's Complaint as exhibits are consistent as to each party's contractual role and reasonable to even the least sophisticated consumer. Therefore, the Court should dismiss the second Count IV of the Plaintiff's Complaint.

## IV. SAMUEL I. WHITE, P.C. WAS DULY AUTHORIZED TO BE APPOINTED AS SUBSTITUTE TRUSTEE (COUNT V).

Under Virginia law, a trustee can only do with the trust property what the deed, either in express terms or by necessary implication, authorizes it to do. *Williams v. Jones*, 165 Va. 398, 182 S.E. 280 (1935). In a probative case, a plaintiff challenging a foreclosure sale alleged that a trustee breached its fiduciary duty for failing to perform "'reasonable due diligence' before threatening, scheduling and foreclosing on the property," among other allegations. *Horvath*, 2010 U.S. Dist. LEXIS 19965, at *3 (E.D. Va. Jan. 29, 2010). The federal district court dismissed the plaintiff's claim, holding that "a trustee under a deed of trust has no such duty of diligence, and trustees only owe those duties that are listed in the Deed of Trust." *Id.* (citation omitted). Thus, assuming without conceding that there was an issue regarding authorization, a trustee cannot be imputed with duties beyond the scope of the Deed of Trust and Virginia Code § 55-59 *et seq.*

Even so, Plaintiff alleges a series of implausible factual allegations to suggest that "another entity was the owner of the note." (Compl. ¶ 93.) Plaintiff's own exhibits again reveal that SIWPC has remained consistent as to the nature and parties of their roles. In actuality, Plaintiff's claims "seem interposed mainly to distract attention from what in reality is a straightforward commercial case." *See Horvath*, 641 F.3d 626 (summarily dismissing allegations of "fraud in the mortgage industry and discussion of the financial crisis that has plagued the country of late"). Therefore, the Court should dismiss the Count V of Plaintiff's Complaint.

## CONCLUSION

WHEREFORE, the Defendant, Samuel I. White, P.C., respectfully requests that the Court issue an order dismissing the Complaint against it in its entirety against this Defendant with prejudice, and grant whatever other relief to it the Court deems appropriate.

**SAMUEL I. WHITE, P.C.,**
By Counsel

By: /s/ Ronald J. Guillot, Jr.

Ronald J. Guillot, Jr., Esquire
Virginia State Bar No. 72153)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
rguillot@siwpc.com
*Counsel for the Defendant, Samuel I. White, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2011, I have electronically filed the foregoing with the Clerk of Circuit Court using CM/ECF system, which will then send a notification of such file (NEF) to the following parties:

**Dale Wood Pittman, Esquire**
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb Street
Petersburg, Virginia 23803-3212

**Kristi Cahoon Kelly**
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, Virginia 22030

**Leonard Anthony Bennett**
Consumer Litigation Assoc PC
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606

**Matthew James Erausquin**
Consumer Litigation Associates PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314

/s/Ronald J. Guillot, Jr.________________
Ronald J. Guillot, Jr., Esquire
Virginia State Bar No. 72153)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
rguillot@siwpc.com
*Counsel for the Defendant, Samuel I. White, P.C.*