UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RACHID NAIM,

          Plaintiff,

v.                                       Civil Action No. 3:11-cv-00168-REP

SAMUEL I. WHITE, P.C.,

          Defendant.

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

The Plaintiff has adequately alleged a cause of action against Samuel I. White under Fed. R. Civ. P. 8 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, thus the Motion to Dismiss (Docket # 9) must be denied. Defendant supports its motion to dismiss by simply ignoring the salient facts alleged in Mr. Naim's Complaint and disregarding the precise instruction of several Circuit Courts of Appeal, including the principal precedent squarely on point: the controlling opinion from the Fourth Circuit in *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006). *Wilson* expressly held that foreclosure attorneys are debt collectors subject to the entirety of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA), when in the course of foreclosing on the consumer's home they attempt to collect the debt owing on the underlying obligation, exactly as Defendant is alleged to have done here. Defendant's principal argument that it is not covered by the FDCPA is truly baseless and must be rejected.

In addition, even if Defendant had not attempted to collect the underlying debt and somehow was not a debt collector subject to the entirety of the FDCPA, it allegedly (and

apparently now admittedly) was engaged in the business of enforcing security interests and thus at a minimum would be subject to a single FDCPA provision that Mr. Naim alleges it also violated, § 1692f(6).  Defendant nearly ignores this alternative coverage issue and that it consequently acted to take his home with "no present right to possession of the property claimed as collateral," precisely as prohibited by § 1692f(6)(A).

Finally, Defendants claim that the FDCPA violations that Mr. Naim has alleged they committed are not viable as a matter of law.  Both objections are insubstantial and only serve to emphasize the validity of the claims.

Mr. Naim's Complaint in all respects states valid claims for relief.  Defendant's motion to dismiss accordingly must be denied.

## ARGUMENT OF LAW

Putting aside its refusal to accept the preliminary and plaintiff-deferential posture of Rule 12(b)(6) or the notice-pleading threshold of Rule 8, Defendant's motion fails because it wholly ignores or improperly discounts Plaintiff's allegations.  This Court recently summarized "the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Engel v. Francis*, 2011 WL 797244, *1 (E.D.Va. Feb. 25, 2011).  Mr. Naim will not burden the Court with its repetition here.  Suffice it to say that Complaint's detailed factual allegations must be accepted as true and, as shown below, demonstrate that Mr. Naim has stated a claim under the FDCPA for the relief requested.

The civil liability section of the FDCPA then provides for the private relief that Mr. Naim now seeks by stating that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of…."  15 U.S.C. § 1692k(a).  The Complaint not only alleges that Defendant is an FDCPA debt

collector who regularly collects or attempts to collect consumer debts but states with particularity specific efforts that it undertook to collect from Mr. Naim money allegedly owing on his past due home mortgage note.  The Complaint alleges the consumer elements of the obligation subject to collection[1] and a series of enumerated substantive FDCPA violations in which Defendant engaged.  The Complaint therefore on its face states a claim for relief.  *See e.g. Creighton v. Emporia Credit Serv., Inc*., 981 F. Supp. 411, 414 (E.D.Va. 1997) ("A *prima facie* case for violation of the FDCPA requires plaintiff to show three elements: (1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; (3) the defendant has violated by act or omission a provision of the FDCPA").

## I.      SAMUEL I. WHITE, P.C IS A DEBT COLLLECTOR.

### A.      The Complaint Properly Alleges that Defendant is a Debt Collector.

The Defendant argues without explanation that the extensive allegations detailing its collection efforts that establish its status as a debt collector under the FDCPA are "merely legal conclusions that recite the elements of the cause of action" and that a "nonjudicial foreclosure on a deed of trust" is not a collection of the debt under the FDCPA.  (Def.'s Mem. in Support of Motion to Dismiss at 4)(Def. Mem.)(Docket #10).   It makes such assertions (ironically) without any meaningful explanation of its own.  Contrary to Defendant's characterization, Plaintiff has more than alleged facts sufficient to state a plausible claim that Samuel I. White, P.C. is a debt collector.

The FDCPA's principal definition of a "debt collector" who is subject to this law states:

---

[1] Mr. Naim has alleged, and Defendants do not now dispute, that he is a natural person and that

> The term "debt collector" means any person … who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).[2]

With his 96-paragraph Complaint, the Plaintiff alleges more than the mere recitation of the FDCPA's text.  Samuel I. White, P.C. "is a law firm whose practice is focused on the collection of debts."  (Compl. ¶ 17).  It "specializes in default services through the use of a 'comprehensive, common sense approach,' that 'streamlines the default process, mitigates [their] clients' risk and expedites the transaction.' (Compl. ¶ 18).  And it "regularly demands payment from consumers of claimed [mortgage] arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect."  (Compl. ¶ 20).   As in this case, Defendant only becomes involved after a consumer allegedly defaults on their home mortgage.  (Compl. ¶ 16).

Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures required by the FDCPA for debt collectors to provide in all written communication.  (Compl. ¶ 21). The initial dunning letter stated it was providing certain information in conformity with the FDCPA, although it provided a notice deficient under

---

[2] A "debt" in turn is defined as follows:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

the FDCPA.  (Compl. ¶¶ 25-27).  Defendant regularly attempts to provide the verification of debts required by the FDCPA upon written request from consumers.  (Compl. ¶ 22).

The Complaint further alleges that in conformity with its regular business practice, Defendant's correspondence here consistently disclosed to Mr. Naim that "we are a debt collector," "this is an attempt to collect a debt," and "any information obtained will be used for that [debt collection] purpose."  *Id.*[3]  In opposition, Defendant asserts that these admissions should be ignored because, "Merely identifying itself as a debt collector to protect itself from potential liability is also not an admission that SIWPC is, in fact, a debt collector under the FDCPA."  (Def. Mem. 5).  Defendant is incorrect.  An allegation that Defendant calls itself a debt collector is an allegation that the Defendant is in fact a debt collector.  *Goodrow v. Friedman & MacFadyen, P.A.*, 3:11-CV-20, 2011 WL 2078086 (E.D. Va. May 25, 2011) (Spencer) ("Goodrow alleges that Friedman & MacFadyen and Muncy are "debt collectors" under the FDCPA. … The defendants' correspondences frequently note that they are attempting to collect debts, a disclosure required under 15 U.S.C. § 1692e(11). The defendants provided notices of that sort in their correspondence of October 9, 2008, the reinstatement quotes they sent Goodrow on November 24, 2008, and the January 11 Notice.").

In fact, nearly every argument or assertion made by the debt collector was already addressed and rejected by Judge Spencer in *Goodrow*.  *Id*.  And as Defendant points out, "The factual allegations against Freidman & MacFadyen, the defendant trustee in *Goodrow*, are, in

---

[3]  Defendant's only challenge to these allegations is its assertion that, "[W]hat Plaintiff may have read on SIWPC's website does not offer a factual claim in this specific instance."  (Def. Mem. 5).These party admissions are not so easily (or correctly) discounted. *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1109 (D. Or. 2000) ("Furthermore, the representations made by [Debt Collector] defendants on the website are admissible as admissions of the party-opponent under FRE 801(d)(2)(A).")

fact, nearly identical to those raised in the instant case with the exception of the firm name and website." (Def. Mem. 8). Defendant's attempts to distinguish the decision are confused at best. The material allegations considered by Judge Spencer are also made – truthfully made – in this case.

**B. The plain language of the FDCPA, the unanimous judgment of the federal Circuit courts, and the Fourth Circuit's opinion in W*ilson v. Draper & Goldberg* foreclose Defendant's argument that it is not a FDCPA debts collector simply because it also becomes a substitute trustee**

Defendant argues that because it was serving as the substitute trustee for the attempted foreclosure on Mr. Naim's Deed of Trust, it cannot also be a FDCPA debt collector. It makes this argument in several places and in multiple ways. In each it is wrong.

Defendant supports this position without any attempt to review this controlling statutory language or apply the facts as alleged to that law. Not surprising in view of that critical omission, Defendant reaches a groundless conclusion. *Canal Ins. Co. v. Barker*, 2007 WL 3551508, *3 (E.D.Va. Nov. 15, 2007) ("A fundamental canon of statutory construction is to start with the plain language," citing and quoting *Discover Bank v. Vaden*, 396 F.3d 366, 369 (4th Cir. 2005) ("[W]here the statute's language is plain, the sole function of the courts is to enforce it according to its terms")). Instead of relying on the statutory language, Defendant anchors its argument on the unqualified and unexamined proposition that "Nonjudicial foreclosure on a deed of trust does not constitute collection of a "debt" under the FDCPA." (Def. Mem. 5).

Defendant attempts to invoke the exemption from the definition of a "debt collector" in § 1692a(6)(F)(i) for a defendant whose conduct "is incidental to a bona fide fiduciary obligation." (Def. Mem. 8). However, that argument was specifically considered and conclusively rejected by the Fourth Circuit in *Wilson*: "Thus, Defendants cannot benefit from

§ 1692a(6)(F)(i)'s exception to the definition of 'debt collector' merely because they were trustees foreclosing on a property pursuant to a deed of trust."  443 F.3d at 378.

To be sure, the FDCPA contains a distinction between collecting debts and merely enforcing a security interest in property.  Following the general definition of "debt collector" quoted above appears the following as the third unnumbered sentence of § 1692a(6): "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."   The *Wilson* Court resolved the meaning of this sentence and placed both the distinction as well as the overlap between debt collection and enforcement of security interests in appropriate context.  The Fourth Circuit examined this question under identical facts as are currently before this Court – attorney defendants acting as substitute trustees foreclosing on a deed of trust challenging FDCPA coverage under the Rule 12(b)(6) standard – and concluded by adopting the rule that resolves the issue here: a person engaged only in the business of enforcing security interests is subject to § 1692f(6) alone, and a person in the business of both collecting consumer debts for another and enforcing security interests is subject to the entirety of the FDCPA:

> According to Defendants, because they are engaged in a business "the principal purpose of which is the enforcement of security interests," they can only be a "debt collector" under the one section expressly provided, 15 U.S.C.A. § 1692f(6). Because Wilson alleged no violation of § 1692f(6), Defendants argue that they cannot be liable under the Act.
>
> We disagree. This provision applies to those whose <u>only</u> role in the debt collection process is the enforcement of a security interest. *See Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 657 (D. Del. 1990) ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). In other words, this provision is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security

interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector." *See Piper [v. Portnoff Law Assocs.]*, 396 F.3d [227] at 236 [3d Cir. 2005] ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts.").

Thus, if Defendants meet the statutory definition of "debt collector," they can be covered by all sections of the Act, not just § 1692f(6), regardless of whether they also enforce security interests.

*Wilson*, 443 F.3d at 378 (emphasis in original).

The Court of Appeals then directed that on remand the consumer be permitted to prove that the defendants met that § 1692a(6) statutory definition quoted above "by demonstrating that they 'regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" [443 F.3d at 379], precisely as Mr. Naim has now alleged, with evidentiary detail. that Defendant has done here.  The Fourth Circuit's ruling could not be clearer in rejecting Defendant's current contention:

Defendants' argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods.

443 F.3d at 376.

Included among the cases illustrating this conclusion and confirming the distinction between debt collection and foreclosure – as well as the overlap when the defendant combines the two functions – are the cases that Defendant cites to this Court, without further inspection, purportedly to support their argument here:  *Horvath v. Bank of New York, N.A.*, 2010 WL 538039 (E.D.Va. Jan. 29, 2010); *Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709 (E.D.Va. 2003); *Moore v. Comm'w Trustees, LLC*, 2010 WL 4272984 (E.D.Va. Oct. 25, 2010); and *Blagogee v. Equity Trustees, LLC*, 2010 WL 2933963 (E.D.Va. July 26, 2010).  Each of

these cases is notable by the absence of any evidence that the foreclosing defendants demanded

money from the consumers who owned the homes on which they were foreclosing or otherwise

evidenced an attempt to collect a debt. These cases accordingly do not and cannot support

Defendants and instead are entirely consistent with rule announced in *Wilson* that is applicable

here.

In contrast, this Court's decision less than two months ago is on all fours with the case

sub judice. In rejecting the same defenses, Judge Spencer stated:

> Here, the defendants conducted foreclosure proceedings as substitute trustees. The
> *Wilson* court expressly held that a defendant was not exempt from liability under
> the FDCPA because he acted in the capacity as a trustee in foreclosure
> proceedings. *Id.* at 376. Wilson also prohibits the defendants in this case from
> seeking the refuge of § 1692a(6)(F)(i), as they attempt to do. *Wilson* plainly
> requires the Court to permit Goodrow to prove that the defendants acted as "debt
> collectors" under the FDCPA, as long as Goodrow makes other allegations of the
> defendants' "debt collector" statuses. He has done that, such that he has properly
> alleged the defendants are "debt collectors."

*Goodrow v. Friedman & MacFadyen, P.A.*, 3:11-CV-20, 2011 WL 2078086 (E.D. Va. May 25,

2011).

Defendant relies heavily on *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716,

722 (N.D.W.Va. 1998), *aff'd*, 173 F.3d 850 (4th Cir. 1999) (unpublished table decision). It

shouldn't. The 1999 decision was highlighted in *Wilson* as one of two cases on which the

defendants there relied to support their position. The Fourth Circuit explicitly rejected any such

reliance and dismissed *Heinemann* with a statement that eliminates any assistance that it might

provide to Defendants here or to anyone else: "We disagree." 443 F.3d at 377.

The cases cited by Defendant provide it no assistance. The *Wilson* opinion is squarely on

point and of course is in this jurisdiction binding precedent that commands conformity. *T-*

*Mobile Northeast LLC v. Fairfax County Bd. of Sup'rs*, __ F. Supp. 2d ___, ___, 2010 WL

5300826, *10 (E.D.Va. Dec. 17, 2010) ("The Fourth Circuit's standard described above is

binding precedent, as it has not been overturned, abrogated, superseded, or otherwise rejected").

Nevertheless, it is noteworthy that all extant federal Circuit Court precedents are uniform in

holding, as *Wilson,* that a person who only enforces security interest in property is subject to

§ 1692f(6) alone and that a person who both collects debts and enforces security interests is

subject to the entirety of the FDCPA.  This jurisprudence applies to both foreclosure attorneys

(*Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006) (foreclosure attorney alleged to meet the

general definition of a "debt collector" subject to all requirements of FDCPA); and *Piper v.*

*Portnoff Law Associates, Ltd.*, 396 F.3d 227 (3d Cir. 2005) (communications from attorneys who

demanded payment on delinquent water bill in the context of an in rem proceeding to enforce the

resulting property lien were debt collection efforts subject to the FDCPA)) as well as others

engaged in similar pursuits, such as eviction attorneys who also demand back rent (*Romea v.*

*Heiberger & Assocs.*, 163 F.3d 111 (2d Cir. 1998) (eviction attorneys who gave tenant statutory

three-day rent demand notice were debt collectors subject to the FDCPA)) and repossession

companies.  *Montgomery v. Huntington Bank*, 346 F.3d 693, 699-700 (6th Cir. 2003)

(repossession agency that was not otherwise a debt collector collecting money was subject only

to § 1692f(6)).

**II.     THE COMPLAINT STATES A CLAIM UNDER 15 U.S.C. § 1692e AND UNDER 15 U.S.C. § 1692f(6).**

**A.  The Complaint states a plausible claim under § 1692e because it alleges that Defendant misrepresented that Bank of America was the creditor and the owner/holder of note on March 22, 2010.**

The Complaint properly alleges that Defendant violated 15 U.S.C. § 1692e "[b]y

falsely stating in the March 22, 2010 letter that the note had been lost, misplaced or destroyed"

(Compl ¶ 74) or, alternatively, "by falsely stating that the creditor to whom the debt owed was

Bank of America, N.A." (Compl. ¶ 75). "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Defendant's false statements violated this provision.

The Debt Collector asserts, "Omitted from the Complaint is any factual allegation, implied or otherwise, stating that the original note was *not* misplaced or unable to be produced when the March 22, 2010 letter was mailed." (Def. Mem. 12). This statement is patently false. The Complaint expressly alleged:

> 46.     In correspondence to Mr. Naim dated, March 22, 2010, Defendant stated that BAC Home Loans Servicing, L.P. is the beneficiary or successor beneficiary under Mr. Naim's property. A copy of the March 22, 2010 correspondence is attached hereto as EXHIBIT E.
>
> 47.  The March 22, 2010 correspondence included the following statement:
>
> "Take notice that the original note evidencing your indebtedness has been lost, misplaced or destroyed, and is unavailable. If you believe you may be subject to a claim by another person or entity other than BAC Home Loan Servicing, L.P. to enforce the note…"
>
> 48.     Upon information and belief, the original note evidencing Mr. Naim's indebtedness has not been lost, misplaced or destroyed, making Defendant's representation false.

(Compl. ¶¶ 46-28).

Defendant's opposition again ignores the posture of the case. Rather than apply the Rule 12(b)(6) burden requiring Plaintiff to sufficiently plead to articulate a plausible claim, Defendant suggests that a Plaintiff be required to plead to exclude any plausible defense. Plaintiff has alleged that Bank of America, N.A did not have physical possession of the note at the time Defendant mailed its March 22, 2010 letter. He has also provided the MERS industry report dated March 29, 2010 identifying Freddie Mac as the owner of the subject mortgage. (Compl. Exh. B).

It is axiomatic that "[i]n considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true," as this Court stated in *Engel v. Francis*, *supra*, 2011 WL 797244, *1. Thus, Mr. Naim unquestionably has stated a claim for relief based on the presumed accuracy of the allegation that Defendant's statement was false and the inescapable conclusion that Samuel I. White, P.C. thus violated the plain language of § 1692e.

Plaintiff cannot do more absent discovery. However, in the interests of judicial economy, if Defendant's counsel will produce objective documentary evidence to Mr. Naim's counsel evidencing that the ownership of the note changed hands between March 22, 2010 and March 29, 2010, the Plaintiff will immediately dismiss this count. It is a Rule 12(b)(6) motion, but Defendant's omission of any allegations to counter those in the Complaint still is as telling as the desperation to its attempt to avoid Rule 26(a)(1) and written discovery. In the meantime, Mr. Naim has more than met his burden "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Engel v. Francis*, *supra*, 2011 WL 797244, *1 (citation, quotation, and ellipsis omitted).

Falsity and deception under § 1692e are tested by the "least sophisticated consumer" standard. *United States v. National Financial Services, Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996). "The test is the capacity...to mislead; evidence of actual deception is unnecessary." *Id.* at 139. The adoption of the least sophisticated consumer standard built on precedent under the Federal Trade Commission (FTC) Act. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985). The Second Circuit has explained the purpose and provenance of this standard:

> The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law. More than fifty years ago, the Supreme Court noted

> that, the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business.  Laws are made to protect the trusting as well as the suspicious.

*Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1983) quoting *Federal Trade Commission v. Standard Education Society*, 302 U.S. 112, 116, 82 L. Ed. 141, 58 S. Ct. 113 (1937).

Federal courts have developed "as a useful tool in analyzing the 'least-sophisticated-consumer' test" for a § 1692e violation the "'more than one reasonable interpretation' standard." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008).  This test holds that a representation "is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Brown v. Card Service Center*, 464 F.3d 450, 455 (3d Cir. 2006) (internal quote and citation omitted); *see also Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) (same).  Application of this "more than one reasonable interpretation" test shows that Mr. Naim has stated a claim for Defendant's alleged misrepresentations.

The narrowness of Defendants' argument that its statements might be literally true because the note may have been passed between Freddie Mac and Bank of America, N.A., or was ?misplaced" instead of actually "lost" only serves to emphasize that Congress wrote § 1692e in the disjunctive to bar debt collectors from using "any false" as well as any "deceptive or misleading representation or means."  If a literal truth versus literal falsity inquiry were the sole measure of a § 1692e violation, then Congress's inclusion of the additional language barring deceptive or misleading representations would be impermissibly superfluous.  *See e.g. TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001).  The possible ambiguity and vagueness is not a defense to a § 1692e violation but defines it.

**B.  The Complaint states a plausible claim under § 1692f(6) because it alleges that Defendant was not appointed as substitute trustee by the owner/holder of the Note.**

The Complaint alleges that Defendant forwarded correspondence dated August 3, 2010, to Mr. Naim to notify him that a foreclosure sale is scheduled for his property for August 20, 2010.  (Compl. ¶59; Exh. H).  The August 20, 2010 correspondence included a Substitution of Trustees Deed dated October 8, 2008, and notarized on April 29, 2010 in which Bank of America, N.A. allegedly appointed Samuel I. White, P.C. as the Substitute Trustee.  (Compl. ¶¶ 60-61).  Additional correspondence ensued, with Defendant eventually admitting that, "Federal Home Loan Mortgage Corporation (FHLMC) is the owner of the above referenced loan" and attempting an explanation that "As the note is endorsed in blank, the holder of the physical document has the right to enforce it." Defendant claimed Bank of America was the owner/holder. (Compl. ¶¶ 62-67).

Plaintiff has addressed previously the Complaint's adequate allegations that Bank of America, N.A. was not the owner, holder or creditor.    The Complaint also alleged that "Bank of America, N.A. had no authority to appoint the Defendant as a substitute trustee as Bank of America, N.A. was not the Noteholder." (Compl. ¶91).  Further, "the individual that signed any sworn statements on behalf of Bank of America, N.A. purporting to have personal knowledge of the facts contained in the sworn statement or the legal standing to take the actions described therein, did not have such personal knowledge or such legal standing." (Compl. ¶92).  Samuel I. White, P.C. knew that the entity that appointed it substitute trustee was not authorized to do so. (Compl. ¶93).  Samuel I. White. P.C. was not validly appointed as substitute trustee.  (Compl. ¶94).  Despite these facts, "Defendant threatened to take nonjudicial action to effect dispossession or disablement of the subject property at a time when they had and there was no present right to possession of the property claimed as collateral through an enforceable security interest[.]"  (Compl. ¶95).

The allegations also describe in sufficient detail the Defendant's campaign to foreclose on Mr. Naim's home, including the specific manner in which Defendants unlawfully threatened to take, and indeed took, nonjudicial action to effect dispossession of the secured property when it knew that it had no present right to possession of the property, as explicitly prohibited by § 1692f(6)(A), because of its unauthorized and invalid appointment as substitute trustee. Defendant now improperly disregards these allegations and asks the Court to dismiss the well-pled Complaint because it believes, "Plaintiff alleges a series of implausible factual allegations to suggest that "another entity was the owner of the note."  (Compl. ¶ 93.)  Plaintiff's own exhibits again reveal that SIWPC has remained consistent as to the nature and parties of their roles." (Def. Mem. 16).  Plaintiff lacks a response. Defendant apparently seeks dismissal based solely upon the consistency of its misrepresentations.

In accordance with the third sentence of § 1692a(6), as stated above, § 1692f(6) "applies to those whose <u>only</u> role in the debt collection process is the enforcement of a security interest." *Wilson*, 443 F.3d at 378 (emphasis in original).  Thus, even if Defendant was not acting as a debt collector and therefore was not subject to the entirety of the FDCPA, the Complaint would still state a claim for this single violation since Mr. Naim has alleged that Defendant engaged in a "business the principal purpose of which is the enforcement of security interests."  A defendant acting to retake secured property without authorization to proceed from the secured party is one straightforward example of "action to effect dispossession" without a "present right of possession" in violation of § 1692f(6)(A).  *See Robertson v. Horton Bros. Recovery, Inc.*, 2005 WL 736681, *2-3 (D.Del. Mar. 31, 2005) (denying defendant summary judgment on § 1692f(6)(A) claim based on the consumer's evidence that the secured party previously had

withdrawn its authorization to seize the secured property).  Defendant's silence in this regard is in any event an effective concession of the point.

### III.     THE COMPLAINT STATES A CLAIM UNDER 15 U.S.C. § 1692g

### A.     Defendant's March 18, 2010 Was An Attempt To Collect A Debt.

Defendant asserts, "The Notice Letter is not an "initial communication" under the FDCPA."  (Def. Mem. 9).  It is unclear exactly what impact it believes this conclusion would have on the case.  However, Plaintiff can surmise.  Counts II-IV allege several violations of 15 U.S.C. §1692g(a).  The section states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a).  The Complaint alleges a violation of each of these subletters based on Defendant's March 18, 2010 collection letter.  (Compl. ¶¶ 77-88).

Again, it is appropriate to look first at the actual statutory text.  Clearly the March 18, 2010 letter was an express attempt to collect a debt.  The letter contains a demand payment for a specific dollar amount (¶1); a statement that the Plaintiff need call the Defendant for a current payoff; (¶2); the creditor to whom Defendant claimed the debt

owed  (¶3); and large bold language stating "THIS IS AN ATTEMPT TO COLLECT A

DEBT."  (Compl, Exh. C).  But Defendant's contention that the March 18, 2010 was not

a demand for payment while untrue is also irrelevant.  Section 1681g(a) does not simply

require the required notice elements in an initial communication demanding payment, but

instead when such communication is "in connection with the collection of any debt."  15

U.S.C. § 1692g(a).  This element is found easily and the term interpreted broadly.  As

Judge Spencer explained:

> The FDCPA defines a "communication" as "the conveying of information
> regarding a debt directly or indirectly to any person through any medium." 15
> U.S.C. § 1692a(2). The Fourth Circuit explains that the FDCPA defines
> "communication" "broadly[.]" *Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 232
> (4th Cir.2007). A communication need not expressly request payment of an
> outstanding debt in order to qualify as a communication with a consumer in
> connection with the collection of a debt. *Gburek v. Litton Loan Servicing LP,* 614
> F.3d 380, 385 (7th Cir.2010). For example, the Seventh Circuit recently held that
> a letter from a mortgage servicer to a homeowner in default seeking to discuss
> "foreclosure alternatives" and urging her that it was "not too late to save [her]
> home" was a communication made in connection with the collection of a debt. *Id.*
> at 386.
>
> The January 11 Notice warned Goodrow that his home would be sold unless the
> entire balance of his promissory note was paid before the date of sale, and urged
> him to contact Friedman & MacFadyen if he desired to satisfy his debt and avoid
> the foreclosure sale. The Notice also included an FDCPA disclaimer stating that
> the Notice represented an attempt to collect a debt. The January 11 Notice did not
> contain an express demand for payment, but the presence of an express demand
> for payment is "just one of several factors" the Court uses in order to determine
> whether a communication was made in connection with the collection of a debt.
> *Id.* at 385. At this stage of litigation, the Court is unwilling to conclude that the
> January 11 Notice was not a communication in connection with the collection of a
> debt.

*Goodrow v. Friedman & MacFadyen, P.A.*, 3:11-CV-20, 2011 WL 2078086 (E.D. Va. May 25,

2011).

As with its other positions, Defendant's "argument" is not based upon statutory text or

even explanation or analysis.  Instead, it is simplified as, "The Debt Collector/Substitute Trustee

won in this other case, so we should as well." Its argument in this instance is based almost entirely upon text in *Blagogee v. Equity Trustees, LLC*, 1:10-CV-13(GBL-IDD), 2010 WL 2933963 (E.D. Va. July 26, 2010). This *pro se* case apparently was dismissed because the consumer had not pled that the trustee had made any demand for money or was otherwise a direct or "indirect attempt to collect a debt[.]" *Blagogee v. Equity Trustees, LLC*, 1:10-CV-13(GBL-IDD), 2010 WL 2933963 (E.D. Va. July 26, 2010). There is nothing remarkable or helpful to Defendant in such a conclusion. In the present case, and as in *Wilson* and *Goodrow*, there is certainly an allegation of a demand for payment. (Compl, Exh. C).

Defendant's argument is as well disingenuous. It argues in this case as if its attempted, though failed, inclusion of the 1681g "Mini-Miranda" and verification warnings was accidental or unintended, rather than recognition of the truth – Samuel I. White, P.C believes itself a debt collector. Certainly at a Rule 12(b)(6) posture, taken in a light most favorable to the Plaintiff, the Court should find that these allegations satisfy the plausibility threshold for this element of a FDCPA claim.

### B.      Count II should be dismissed.

Defendant is correct – the March 18, 2010 letter, Exhibit C to the Complaint, does state an amount of the debt demanded. Count II should be dismissed.

### C.      Counts III, IV and IV (sic) state a claim.[4]

In contrast, Plaintiff does state a claim for Defendant's violation of § 1681g(a)(2). Defendant's only response is that, "The Notice Letter parallels the FDCPA statute[.]" (Def. Mem. 15). It does not. The notice language required by the FDCPA is simple and attempts to

---

[4] Plaintiff mis-numbered the Counts in the Complaint such that there are two "Count IV" headings. Hereafter, he will refer to the claim asserted in paragraphs 83-85 as "Count IVa" and that alleged in paragraphs 86-88 as "Count IVb".

accomplish multiple objectives for consumers receiving initial debt collection communications:

- Inform the consumer that a failure to dispute the debt <u>orally or in writing</u> within 30 days allows the creditor to assume the debt is valid; §1692g(a)(3),

- Inform the consumer that he may require "verification" of the debt only if within 30 days he notifies the debt collector <u>in writing</u> that the debt is disputed; §1692g(a)(4), and

- Inform the consumer that he may request the identity of the original creditor only if within 30 days he makes that request <u>in writing</u>; §1692g(a)(5).

Rather than a simple presentation or restatement of these rights, Defendant's language alters, mixes and combines parts of the statutory language, and overshadows it with competing and alternate language that could convey to a least sophisticated consumer a different message entirely.[5]

First, Count III of the Complaint alleges that the March 18, 2010 letter falsely identifies "Bank of America, N.A" as Plaintiff's creditor. This was not true. Certainly

---

[5] As the Court recently explained:

> The Fourth Circuit has adopted the "least sophisticated consumer" test for deciding whether a statement is false or misleading for purposes of § 1692e. *United States v. Nat'l Fin. Servs., Inc.,* 98 F.3d 131, 135–136 (4th Cir.1996). Under this test, a statement is false or misleading if "it can be reasonably read to have two or more meanings, one of which is inaccurate." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir.2006) (citation omitted). The test requires a court to consider a statement's "capacity ... to mislead," such that "evidence of actual deception is unnecessary." *Nat'l Fin. Servs.,* 98 F.3d at 139. The "least sophisticated consumer" test requires a court to evaluate a communication "as a whole, not sentence-by-sentence," since even the least sophisticated consumer is bound to read a communication in its entirety. *Vitullo v. Mancini,* 684 F.Supp.2d 747, 756 (E.D.Va.2010).

*Goodrow v. Friedman & MacFadyen, P.A.*, 3:11-CV-20, 2011 WL 2078086 (E.D. Va. May 25, 2011). Plaintiff is unclear as to what Defendant is contesting in this regard. (Def. Mem. 15).

the Complaint alleges as much.  (Compl. ¶ 70; Exh. B).  Plaintiff states a claim for the debt collector's violation of § 1692g(a)(2). (Compl. ¶¶ 80-82, Count III).

Second, nowhere in the March 18, 2010 initial communication does Defendant disclose the Plaintiff's rights under §1692g(a)(3).  The provision requires "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Plaintiff's dispute can be oral or written.  Defendant omits such disclosure entirely.  (Compl. ¶¶ 83-85, Count IV).

Third, the Complaint states a plausible claim that Defendant's notice language violated § 1692g(a)(4) and (5) by disclosing Mr. Naim's "§ 1692g(a)(4), (5), and (b) debt verification rights in such a manner as to make the least sophisticated consumer uncertain as to his debt validation rights."  (Compl. ¶ 87).      Subparagraphs (4) and (5) state additional and separate rights.  They require that the debt collector inform the consumer of his right to request verification of the debt and the name and address of the original creditor.  15 U.S.C. § 1692g(a)(4) and (5).  However, the notice must correctly inform the consumer that these rights may only be exercised "if the consumer notifies the debt collector" and makes a "written request."  *Id*.

The Complaint states a plausible claim under § 1692g(a)(4) and (5) by many paths.  The March 18, 2010 initial communication is a textbook example of how not to draft an Initial Communication notice.  It likely occurred because Defendant was attempting to use the letter to to meet its compliance obligations at the same time that it also sought to threaten or scare its debtor targets into paying and reinstating their mortgage payments.   However, "[A] debt collector does not comply with § 1692g "merely by inclusion of the required debt validation

notice; the notice Congress required must be conveyed effectively to the debtor. *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991).  As the Fourth Circuit has cautioned, "There are numerous and ingenious ways of circumventing § 1692g under a cover of a technical compliance."  *Id.* at 485.

Paragraph 4 of the letter combines the "right to dispute" and "right to request the name of the original creditor" disclosures and does not inform consumers if either of these must be made in writing, or what consequences resulted if not made one way or the other.  Paragraph 5 also confuses the details of a consumer's rights.  The actual English language message conveyed is simplified as follows:  If within 30 days (a.) you dispute the debt in writing OR (b.) request (in writing or orally) the name of the original creditor, THEN the debt collector will (1.) verify the debt AND/OR (2.) mail the name of the original creditor.   First, the request to obtain the name of the creditor must be in writing.  §1692g(a)(5).  The omission of this requirement violated the statute.  Second, the language used by Defendant is not correct.  Plaintiff's lawyers may understand the language.  So may the Court.  But a least-sophisticated consumer may conclude by Defendant's use of an "and/or" shortcut (one not taken by Congress in drafting § 1692g(a)(4) and (5)) that either of (a) or (b) could trigger either (1.) or (2.) or both.

Paragraphs 6 and 7 of Defendant's Initial Communication letter are at best overshadowing and at worst plainly wrong.   Defendant's aggressive use of the "we will continue to foreclose on your home during the 30 day dispute period" language clearly overshadows the required § 1692g(a) notices.   This difficulty was magnified by Defendant's immediate followup letter dated two-business days later, which threatened: "[U]pon the expiration of fourteen (14) days from the date of this notice [March 22, 2010], [Defendant] will be requested to schedule the sale of the secured property."

(Compl. Exh. E).  This follow-up negates entirely the mandatory disclosures of the March 18, 2010 letter.  It does not condition the 14-day foreclosure period on the consumer's failure to exercise a dispute or request for original creditor right.   In fact, the FDCPA warns: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

While there is some law that allows a debt collector to continue to collect once the debt during the 30-day period – assuming no dispute – this option is inapplicable in the context of a non-judicial foreclosure.  There is no way to "cease collection of the debt" if the foreclosure notice is posted and the sale scheduled absent full cancellation and re-notice if necessary.  Defendant's notice instead misrepresents Mr. Naim's rights under § 1692g(b) by stating instead of "cease" that it will merely "suspend our efforts to foreclosure."   (Compl. Exh. C).  In fact, Defendant unlawfully claims: "If the foreclosure sale has been advertised and we respond as set forth above, the sale will not be cancelled."  *Id.*  "Cease" means "to come to an end."  http://www.merriam-webster.com/dictionary/cease last viewed July 22, 2011.  "In contrast, "suspend" means "to cause to stop temporarily" http://www.merriam-webster.com/dictionary/suspend last viewed July 22, 2011.

As Judge Spencer has stated, a notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights.  *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997).  (As a consequence finding that the validation notice at issue violated § 1692g as a matter of law and granting summary judgment for the consumer on that issue.).  The inclusion of language such as in

used by Samel I. White, P.C. in the same letter as the required 30-day validation

disclosures has already been addressed in this Court.   In *Turner v. Shenandoah Legal*

*Group, P.C.*, 3:06CV045, 2006 WL 1685698 (E.D. Va. June 12, 2006), Judge Dohnal

considered a similar "we will suspend action" paragraph in a debt collector's initial

communication notice:

> The SLG letter, by including the following language in the closing paragraph, does not reconcile the otherwise confusing segments:
>
>> The law does not require this firm to wait until the end of *the thirty-day period* before continuing actions to collect this debt. However, if you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law does require this firm to suspend our efforts (through litigation or otherwise) to collect the debt until this firm mails the requested information to you.

*Id.*  The Court denied the debt collector's motion, leaving the question for a jury because,

"Whether SLG's techniques would tend to cause the least sophisticated consumer to disregard the

validation notice is a question of fact for a jury, at least given the circumstances of this case."

*Turner v. Shenandoah Legal Group, P.C.*, 3:06CV045, 2006 WL 1685698 (E.D. Va. June 12,

2006).  See also *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)

("Payco need not cease its collection efforts in order to abide by the statute, it simply needs to

convey effectively the validation notice without contradicting it. The manner of Payco's

presentation plainly undercuts and overshadows the message of the validation notice."); *United*

*States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131, 139 (4th Cir. 1996) (Inclusion of threatening

alternate deadline in initial communication or other letters later thereafter sent overshadowed the

validation notice).

Finally, the Complaint states a claim in Count IVb based upon the inaccuracy within

Paragraphs 6 and 7 of Defendant's notice letter.  Defendant omits any reference to the writing

requirement in both Paragraph 6 and Paragraph 7.  In particular, paragraph 7 incorrectly omits the condition that Plaintiff's request for verification or the name of the original creditor be in writing in order to require the debt collector's cessation of collection.  It states in relevant part, "If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose the mortgage …"  (Compl. §25; Exh. C).  In fact, the FDCPA requires no such thing.  Only if these requests are made in writing is the collector required to cease collection.    This omission – the failure to make these requests in writing - is fatal to a consumer's rights under §1681g(b).  And the misstatement is fatal to Defendant's defense to the alleged violation.   As Judge Merhige explained:

> the collection letter instructed (the consumer) to either "contact" the debt collection agency or make payment in full. There is no indication anywhere in the letter whether such "contact" must be in writing or by telephone. Pursuant to § 1692g, however, if a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by §  1692g(b).

*Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint must be denied.

Respectfully submitted,

**RACHID NAIM**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Matthew J. Erausquin, VSB#65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile
matt@clalegal.com

Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2011, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to the following:

Ronald J. Guillot, Jr., Esquire
Virginia State Bar No. 72153)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
rguillot@siwpc.com
*Counsel for the Defendant, Samuel I. White, P.C.*

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net