IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RACHID NAIM,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>SAMUEL I. WHITE, P.C.<br><br>　　　　*Defendant*. | Civil Action No. 3:11-cv-00168-REP |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Defendant, Samuel I. White, P.C. ("SIWPC"), by counsel, submits its Reply Memorandum to Plaintiff's Memorandum in Opposition to Motion to Dismiss. Plaintiff argues that the Complaint is sufficient to survive Fed. R. Civ. P. 12(b)(6) scrutiny for a litany of reasons, most unfounded. The Plaintiff's Complaint along with exhibits attached thereto work to defeat some of their own claims, notwithstanding the pleading requirements set forth in *Twombly* and *Iqbal*. As such, SIWPC will address Plaintiff's contentions in turn.

In Count I of the Complaint, Plaintiff alleges the March 22, 2010 letter falsely stated that the note had been lost, misplaced or destroyed violated the FDCPA or, alternatively, "by stating that the creditor to whom the debt owed was Bank of America, N.A." (Plaintiff's Mem. P. 11; see also Compl. ¶ 75). The naked assertion that Bank of America is not the creditor is refuted by the Plaintiff's own exhibits attached to the Complaint and allegations contained therein. For instance, "Mr. Naim regularly made his payments to BAC until he began to experience financial difficulties." (Compl. ¶ 13). "When the loan was originated on November 14, 2005, Mr. Naim's Note and Deed of Trust obligated him to repay Bank of America, N.A.". (Compl. ¶ 9; see also

1

Exhibit A of Plaintiff's Complaint). Pursuant to the FDCPA, "[t]he term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed…." 15 U.S.C.A. § 1692(a)(4). Plaintiff does not, and cannot allege that any other entity made demand for payment, brought any enforcement actions or otherwise claimed to be the creditor other than Bank of America. As such, the identification of Bank of America as creditor was correct at the time it was made in the March 22, 2010 correspondence. The allegations of the Complaint along with the attached Exhibits support the position that Bank of America was the creditor. The fact that Freddie Mac's website stating that it was the "owner" of the loan (Compl. ¶ 11) does not mean that Freddie Mac was the "creditor" as defined by §1692(a)(4). Plaintiff conflating the terms "owner" and "creditor" does not make his claim plausible.

Count II has been withdrawn by Plaintiff. (Plaintiff's Mem. P. 18).

Count III of Plaintiff's Complaint alleges that Exhibit C of the Complaint fails to disclose the creditor. (Compl. ¶¶ 80-82). This is contradicted by Exhibit C where it clearly identifies the creditor in Paragraph 3 of the March 18, 2010 correspondence. (Compl. Exhibit C). The Plaintiff's own allegations are not supported by his Exhibit C. (Id.).

Defendant withdraws its 12(b)(6) argument with regard to the both Count IVa and IVb (Plaintiff's Mem. P. 18 explaining typographical error with regard to duplicative Count IV in the Complaint) and will answer this claim in accordance with the Rules of Civil Procedure.

Count V of the Complaint shrouds a state law claim for wrongful foreclosure as an FDCPA violation. Plaintiff's entire premise rests upon Bank of America's right to foreclose on the property. Plaintiff cites to § 1692f(6)(A) as a basis for this claim. (Compl. ¶¶ 89-95). "Indeed, the individual that signed any sworn statements on Behalf of Bank of America, N.A. purporting to have personal knowledge of the facts contained in the sworn statement or the legal

standing to take the actions described therein, did not have such personal knowledge or such legal standing." (Compl. ¶ 92). Without more, these allegations are insufficient to withstand 12(b)(6) scrutiny. The Plaintiff does not identify which sworn statements he refers to, or any facts to support that Bank of America did not have authority to execute the Substitution of Trustee document. While the Plaintiff's allegations that Bank of America was not the creditor is denied, there are no facts alleged that Bank of America did not have authority to execute any document required for foreclosure proceedings. In fact, Exhibit A of the Complaint identifies Bank of America, N.A. as the beneficiary under the Deed of Trust. (Compl. Exhibit A). As such, this claim fails as a matter of law.

Finally, the Plaintiff expends approximately 10 pages of his brief laying out the 4th Circuit's position on Trustee's role as debt collector. SIWPC made a good faith argument that the 4th Circuit precedent is not in accord with the prevailing treatment of Trustees foreclosing pursuant to a security interest in real property. After careful review of the authority cited therein, and for the purposes of this Motion and based solely on the allegations in the Complaint, Defendant submits that Plaintiff has properly alleged that SIWPC is a debt collector pursuant to current 4th Circuit precedent. SIWPC, however, does not concede that all of its activities performed as a fiduciary fall within the ambit of the FDCPA.

**SAMUEL I. WHITE, P.C.,**

By: /s/ Ronald J. Guillot, Jr.
Ronald J. Guillot, Jr., Esquire
Virginia State Bar No. 72153
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
rguillot@siwpc.com
*Counsel for the Defendant, Samuel I. White, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2011, I have electronically filed the foregoing with the Clerk of Circuit Court using CM/ECF system, which will then send a notification of such file (NEF) to the following parties:

| | |
|---|---|
| **Dale Wood Pittman, Esquire** | **Kristi Cahoon Kelly** |
| The Law Office of Dale W. Pittman, P.C. | SUROVELL ISAACS PETERSEN & LEVY PLC |
| 112-A W Tabb Street | 4010 University Drive, Suite 200 |
| Petersburg, Virginia 23803-3212 | Fairfax, Virginia 22030 |
| | |
| **Leonard Anthony Bennett** | **Matthew James Erausquin** |
| Consumer Litigation Assoc PC | Consumer Litigation Associates PC |
| 12515 Warwick Boulevard, Suite 100 | 1800 Diagonal Road, Suite 600 |
| Newport News, Virginia 23606 | Alexandria, Virginia 22314 |

/s/ Ronald J. Guillot, Jr._____
Ronald J. Guillot, Jr., Esquire
Virginia State Bar No. 72153)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
rguillot@siwpc.com
*Counsel for Defendant Samuel I. White, P.C.*